Robert G. Drummond
Chapter 13 Standing Trustee
P. O. Box 1829
Great Falls, Montana  59403-1829
Telephone:  (406) 761-8600
Facsimile: (406) 453-4663
I. D. Number 0636
Trustee@MTChapter13.com

(Trustee)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

---

In re                                               )
                                                    )   No. 17-61231-13
CHRISTOPHER GREGG THOMAS,   )
                                                    )
           Debtor.                           )

---

**TRUSTEE'S OBJECTION TO CONFIRMATION OF
FIRST AMENDED CHAPTER 13 PLAN DATED FEBRUARY 26, 2018**

---

The Chapter 13 Standing Trustee objects to confirmation of the Chapter 13 Plan dated February 26, 2018 for the following reasons:

1. The Plan has not been served on all creditors as required by Mont. LBR 2002-1(b).

2. The Debtor has not completed the Plan.  The Debtor has not completed the boxes in Paragraphs 8, 9, or 10 of the Plan.

3. The Debtor has included a provision in Paragraph 10 which is nonsensical and vague.

4. Paragraph 11 of the Plan provides that creditors will be paid as "Class one debt and Class two Debt."  The Debtor's separate classification of Super G Funding, Cliff Abbott, True Magic, Scott Abbott, and Pat Ridens is unreasonable discrimination among creditors in a class which is prohibited by 11 U.S.C. § 1322(a)(3) and 1322(b)(1).

5. The Debtor's Plan provides for payment to OneMain Financial (Claim No. 3) in an unimpaired fashion. The lien that OneMain Financial holds on the Debtor's vehicle was perfected in a preferential transfer. The interests of OneMain Financial in the vehicle are subordinate to the interests of the Trustee pursuant to 11 U.S.C. § 544(a). The Trustee has made demand on OneMain Financial for a stipulated lien avoidance. In the event One Main Financial will not stipulate, the Trustee will file an Adversary Proceeding against OneMain Financial seeking avoidance of the lien.

6. National Funding Inc. has filed a secured claim (Claim No. 4) that is not provided for in any fashion as required by 11 U.S.C. § 1325(a)(5).

7. The Debtor is not eligible for Chapter 13 bankruptcy relief because he is not an individual with regular income sufficient to make the payments under the Plan as required for eligibility under 11 U.S.C. § 109(e).

8. The Debtor's Plan has not been filed in good faith as required for confirmation by 11 U.S.C. § 1325(a)(3).

9. The Debtor's Petition was not filed in good faith as required for confirmation by 11 U.S.C. § 1325(a)(7).

10. In support of the bad faith allegations raised in the two preceding paragraphs, the court should view the following as indicia of bad faith:

    A. The Debtor filed his petition (Docket No. 1) impermissibly attempting to merge his individual financial affairs with the financial affairs of Prospect Agency Group Inc. Prospect Agency Group Inc. is not eligible for Chapter 13 bankruptcy relief because it is not an individual with regular income as defined by 11 U.S.C. § 101(30). The Debtor lied in his bankruptcy petition when he indicated that Prospect Agency Group Inc. was an assumed name.

    B. The Debtor filed bankruptcy Schedules (Docket No. 21) and Amended Schedules (Docket No. 76) which incorrectly merge assets and liabilities of Prospect Agency Group Inc. with his individual financial affairs. Thus, the Debtor's Schedules B, D, E, F, I and J were all incomplete or inaccurate.

        C.      The Debtor has represented he has made agreements and payments to creditors in a fashion not contemplated by either his proposed Plan, or an order of the bankruptcy court. The Debtor's Notice of Amendment to Schedules (Docket No. 76) referenced agreements to release collateral with Wells Fargo Bank, Elavon, Kabbage, Inc. and other creditors which have not been approved by the court. The Debtor stated at the end of his pleading that "Debtor settled some adversary proceedings." Whatever these settlements entailed has not been approved by this court.

        D.      The Debtor filed an Adversary Proceeding, Case No. 18-0010-BPH, against Foremost Corporation of America. The Debtor's complaint alleges $2,000.00 in claims against Foremost Corporation of America. The Debtor did not list any claims against Foremost Corporation of America in his Schedules or his Amended Schedules.

        E.      The Debtor has incorrectly characterized corporate debts that are guaranteed as secured debts even though those creditors are not secured by property of the estate of the individual Debtor.

        F.      The Debtor has not been forthcoming with information related to the 2016 Chevy Tahoe (Schedule B, Paragraph 3) which is currently titled in the name of Cliff Abbott or the Wells Fargo debt that is secured by that vehicle.

11.      The Debtor has approached his duties in a cavalier fashion which has been burdensome to the court, the Trustee, and the other parties to the case.

WHEREFORE, the Trustee prays:

1.      That confirmation of the Plan be denied.

2.      That the case be dismissed.

3.      For such other and further relief as the Court deems appropriate.

DATED March 1, 2018.

        Chapter 13 Standing Trustee
        P. O. Box 1829
        Great Falls, Montana 59403-1829

        By /s/ Robert G. Drummond
           Trustee

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify under penalty of perjury that a copy of the within and foregoing **TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN DATED JANUARY 12, 2018** was mailed on March 1, 2018, at Great Falls, Montana, and directed to the following:

    Christopher Gregg Thomas
    PO Box 11718
    Bozeman, MT 59719

        /s/ Tiffany Floerchinger
        Tiffany Floerchinger