UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**CHRISTOPHER GREGG THOMAS,**

Debtor.

Case No. **17-61231-13**

**O R D E R**

At Butte in said District this 6th day of March, 2018.

In this Chapter 13 bankruptcy, after due notice, a hearing was held March 6, 2018, in Butte on: (1) Debtor's request to use a white board at the March 6, 2018, hearing (ECF No. 74); (2) the Trustee's Objection to Proof of Claim No. 4 filed by National Funding, Inc. (ECF No. 40); (3) Debtor's Motion to Disqualify Harold V. Dye ("Dye") as counsel for creditors Clifton Bo Cleveland Abbott, Clifton Cleveland Abbott, W. Scott Abbott and Jill Abbott ("Abbotts") (ECF No. 44); (4) confirmation of Debtor's Amended Chapter 13 Plan filed February 26, 2018 (ECF No. 75), together with the objections thereto filed by Yellowstone Capital, LLC, the Chapter 13 Trustee and the Abbotts; (5) the Trustee's Motion to Dismiss Prospect Agency Group, Inc. as an ineligible co-Debtor under 11 U.S.C. § 1307(c) (ECF No. 50); and (6) the Abbotts' Motion to Dismiss (ECF No. 29) wherein the Abbotts seek the dismissal of this case on grounds Debtor's noncontingent, liquidated, unsecured debts exceed $394,725. This Order disposes of all matters except the Abbotts' motion to dismiss.

1

1. **Debtor's request to use a white board**

Debtor withdrew this request at the hearing and proceeded without using a white board.

2. **Trustee's Objection to Proof of Claim No. 4**

In his Objection, the Trustee requests that the Court allow Proof of Claim No. 4 as a general unsecured claim, arguing,

> The creditor has checked the box in Paragraph 9 stating that it is a secured creditor. The creditor describes its collateral as "Personal Property" but the basis for perfection is "UCC Financing Statement." The attachments include a Business Loan Agreement and a Personal Guaranty. The creditor has not attached the purported "UCC Financing Statement." It appears that the Debtor is only a guarantor of a debt that was secured by property of Prospect Agency Inc., the obligor on the Business Loan Agreement. It does not appear that the creditor holds a secured interest in property of the estate pursuant to 11 U.S.C. § 506.

In accordance with Mont. LBR 3007-2 and Mont. LBF 28, and the decisions by the Ninth Circuit Bankruptcy Appellate Panel in *In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005), *In re Campbell*, 336 B.R. 430 (9th Cir. BAP 2005), and *In re Wylie*, 349 B.R. 204 (9th Cir. BAP 2006), the Trustee properly noticed the matter for hearing on January 30, 2018, giving National Funding, Inc. at least 30 days notice of the pending hearing as required by Fed. R. Bankr. P. 3007.

The Trustee appeared at the hearing and stated that while he has not received any response to his Objection by National Funding, Inc., National Funding, Inc. amended its Proof of Claim on February 5, 2018, but the amendment did not cure the Trustee's objection because the UCC Financing Statement attached to the amended Proof of Claim identifies Prospect Agency Group, Inc., and not Debtor, as the obligor. No appearance was made at the hearing by or on behalf of National Funding, Inc. The Court deems National Funding, Inc.'s failure to respond an

2

admission by National Funding, Inc. and/or its counsel that the averments set forth in the Trustee's Objection are well taken and that the Objection should be sustained.

### 3. Debtor's Motion to Disqualify Dye as counsel for the Abbotts

Relying on Rule 1.7(a)(1), (2) & (3)[1] of the Montana Rules of Professional Conduct, Debtor seeks to disqualify Dye from representing the Abbotts arguing Clifton Bo Cleveland Abbott and Clifton Cleveland Abbott's interests are adverse and that Dye should be precluded from representing the multiple Abbott parties. The Abbotts counter that Dye has never represented Debtor and thus, Debtor lacks standing to request Dye's disqualification and that the Abbotts have consented to Dye's joint representation of the Abbotts.

First, the Court agrees with the Abbotts that Debtor lacks standing to call for Dye's disqualification because Debtor has never been a client of Dye. *See United States v. Manlove*, 2016 WL 7435896, *2 (D. Mont. 2016). Second, Rule 1.7, referenced by Debtor, reads:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>> (1) the representation of one client will be directly adverse to another client; or
>>
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
>> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

---

[1] Rule 1.7(a) contains a subsection (1) and (2), but not a (3).

3

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

Here, Debtor concedes that Dye is not his counsel and that Dye has never represented Debtor. Moreover, even if there is a conflict of interest as to Dye's clients, *i.e.,* the Abbotts, Dye reasonably believes that he can provide competent and diligent representation to each of the Abbotts, Dye's representation of the Abbotts is not prohibited by law, the issues presented do not involve claims by one of the Abbotts against another of the Abbotts, and Dye represents that the Abbotts consent to Dye representing each of them. For the reasons set forth above, Debtor's motion to disqualify Dye is denied.

### 4. Confirmation of Debtor's Amended Chapter 13 Plan

Debtor represented at the hearing that he just recently received the Trustee's objections to Debtor's Amended Chapter 13 Plan and thus requested time to further amend his Plan. By agreement of the parties, Debtor shall have through March 20, 2018, to file a further amended plan. Parties-in-interest shall have through March 27, 2018, to file objections to Debtor's further amended plan, and a hearing on confirmation of Debtor's further amended plan will be held April 10, 2018, in Butte.[2]

---

[2] This ruling remains subject to the Court's decision regarding eligibility which will be decided shortly.

4

**5. Trustee's Motion to Dismiss Prospect Agency Group, Inc. as an ineligible co-Debtor under 11 U.S.C. § 1307(c)**

The Trustee seeks to dismiss Prospect Agency Group, Inc. from Debtor's petition arguing Prospect Agency Group, Inc. is a Profit Corporation incorporated in Wyoming and is registered in Montana as a Foreign Profit Corporation. The Trustee maintains that Prospect Agency Group, Inc. is not an individual with regular income as defined by 11 U.S.C. § 109(e) and as defined by 11 U.S.C. § 101(30) and thus asks that the Court dismiss Prospect Agency Group, Inc. from this case as it is not eligible to be a debtor. Debtor does not oppose the Trustee's motion to dismiss Prospect Agency Group, Inc., but argues that the automatic stay should extend to Debtor's shares in Prospect Agency Group, Inc. any by extension, to the disposition of Prospect Agency Group, Inc.'s corporate assets. The issue concerning the automatic stay is not properly before the Court. However, given Debtor's consent, the Trustee's motion to dismiss Prospect Agency Group, Inc. from this case is granted.

In accordance with the foregoing,

IT IS ORDERED that Debtor's request to use a white board is withdrawn.

IT IS FURTHER ORDERED that the Trustee's Objection to Proof of Claim No. 4 filed by National Funding, Inc. (ECF No. 40) is sustained; and Proof of Claim No. 4 shall be allowed as a general unsecured claim in the amount of $16,889.94.

IT IS FURTHER ORDERED that Debtor's Motion to Disqualify Harold V. Dye as counsel for the Abbotts filed at ECF No. 44 is denied.

IT IS FURTHER ORDERED that confirmation of Debtor's Amended Chapter 13 Plan filed February 26, 2018 (ECF No. 75) is denied; Debtor shall have through **March 20, 2018,** to

5

file a further amended plan; parties-in-interest shall have through **March 27, 2018**, to file objections to Debtor's further amended plan, and a hearing on confirmation of Debtor's further amended plan shall be held **Tuesday, April 10, 2018, at 09:00 a.m.,** or as soon thereafter as the parties can be heard, in the 2ND FLOOR COURTROOM, FEDERAL BUILDING, 400 N. MAIN, BUTTE, MONTANA.

IT IS FURTHER ORDERED that the Trustee's Motion to Dismiss Prospect Agency Group, Inc. as an ineligible co-Debtor under 11 U.S.C. § 1307(c) is granted; and Prospect Agency Group, Inc. is dismissed from this Chapter 13 bankruptcy case.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana